

## NUMBER 13-19-00526-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

WILLIAM GILSON,                                                              Appellant,

v.

THE CINCINNATI INSURANCE COMPANY,                          Appellee.

On appeal from the 53rd District Court
of Travis County, Texas.

## MEMORANDUM OPINION

Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Benavides

Appellant William Gilson filed a notice of appeal from a take-nothing summary

judgment rendered in favor of appellee, The Cincinnati Insurance Company, regarding

insurance coverage for an automobile collision.[1] We previously abated this appeal pending the resolution of a separate action to enforce a settlement agreement between the parties.

Having resolved their dispute, the parties to this appeal have now filed a joint motion to dismiss the appeal. *See* TEX. R. APP. P. 42.1(a)(1) ("In accordance with a motion of appellant, the court may dismiss the appeal or affirm the appealed judgment or order unless such disposition would prevent a party from seeking relief to which it would otherwise be entitled."). Pursuant to their agreement, the parties request that we tax the costs against the party incurring same. *See id.* R. 42.1(d).

The Court, having examined and fully considered the joint motion to dismiss the appeal, is of the opinion that the appeal should be dismissed. *See id*. R. 42.1(a)(1). Accordingly, we reinstate the appeal, grant the joint motion to dismiss, and dismiss the appeal. As per the parties' agreement, the costs will be assessed against the party incurring same. *See id*. R. 42.1(d) ("Absent agreement of the parties, the court will tax costs against the appellant."). Having dismissed the appeal at the parties' request, no motion for rehearing will be entertained, and our mandate will issue forthwith.

GINA M. BENAVIDES
Justice

Delivered and filed the
7th day of January, 2021.

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* Tex. Gov't Code Ann. § 73.001.